COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| IN RE: | § | |
| | § | No. 08-24-00337-CV |
| LABELLE INDUSTRIAL SALES, INC., NURIA VALILLIS, Executrix of the Estate of JUAN C. MARTINEZ, and BETH L. HERMAN, | § | AN ORIGINAL PROCEEDING |
| | § | IN MANDAMUS |
| | § | |
| Relators. | § | |

## MEMORANDUM OPINION

In this mandamus proceeding, Relators Labelle Industrial Sales, Inc.; Nuria Valillis, Executrix of the Estate of Juan C. Martinez; and Beth L. Herman (collectively, LNB) ask us to direct the trial court to withdraw what Relators refer to as a new-trial order because the trial court failed to provide any reason for entering it.

The underlying suit involves claims for conversion, breach of fiduciary duty, trade secret misappropriation, tortious interference with prospective relations, and declaratory judgment/reformation of contract brought by Plaintiffs/Real-Parties-in-Interest Conveyors and Materials Handling, Inc., and Gladys Labelle (collectively, CG) against Defendants/Relators LNB,[1] who in turn filed counterclaims and third-party claims. Relators each filed a no-evidence

---

[1] Juan Martinez was an original defendant, but over a year following his death, Nuria Valilis, the executrix of his estate, was substituted in.

motion for summary judgment in November 2023. These three motions were initially granted in a single interlocutory order in June 2024, leaving Relators' counterclaims and third-party claims pending and the trial court's plenary jurisdiction intact. Following CG's motion to reconsider, in August 2024 the trial court issued an "Order Granting Plaintiffs' Motion for Reconsideration of Continuance of Defendants' No-Evidence Motions for Summary Judgment and Vacating the Order Granting of Defendants' No-Evidence Motions for Summary Judgment." In this new order, which Relators would have us construe as a new-trial order for the purpose of this mandamus petition, the trial court withdrew and vacated its earlier June 2024 order without providing any reason for doing so. This mandamus proceeding followed.

"Mandamus relief is an extraordinary remedy requiring the relator to show that (1) the trial court clearly abused its discretion and (2) the relator lacks an adequate remedy by appeal." *In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023) (orig. proceeding). Relators argue that "[a] trial court abuses its discretion when it fails to provide an understandable, reasonably specific explanation of the trial court's reasons for granting a new trial." However, each of the cases Relators cite in support of this proposition involves the granting of a new trial following a *jury* trial. And as the Texas Supreme Court explains, "disregarding a jury's verdict is an unusually serious act that imperils a constitutional value of immense importance—the authority of a jury"; thus, "[s]uch a step may be taken only when clearly supported by sound reasons." *In re Rudolph Auto., LLC*, 674 S.W.3d 289, 302 (Tex. 2023). To facilitate appellate review on a petition for mandamus, a trial court's reasons for taking such a step must be expressly stated in the relevant new-trial order. *See id.* at 299 ("[A]n order [granting a new trial following a jury trial] . . . must clearly identify 'an understandable, reasonably specific explanation' for why a new trial is warranted.").

Relators cite no authority suggesting that such concerns or requirements apply here. The order at issue does not grant a new trial following a jury trial. Instead, it is an interlocutory ruling vacating an order granting no-evidence summary judgment motions. Relators cite no authority showing their entitlement to mandamus relief in this context. Nor do Relators offer any argument that the reasoning in the cases they cite should be extended to this context. Accordingly, we deny the mandamus petition. We further deny as moot Relators' emergency motion to stay the trial court's upcoming October 3, 2024 hearing on discovery matters and Relators' motion to sever.

LISA J. SOTO, Justice

October 1, 2024

Before Alley, C.J., Palafox and Soto, JJ.

3